

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00126-CR

———————————————————

CHRISTOPHER DEAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. F18-240-367

Before Wallach, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

A jury convicted Appellant Christopher Dean of continuous sexual abuse of a child and assessed his punishment at life. *See* Tex. Penal Code Ann. § 22.021. The trial court sentenced him accordingly. Dean appeals his conviction. After reviewing Dean's counsel's *Anders* brief and conducting an independent review of the record, we modify the judgment to delete $15 of court costs that are associated with the time-payment fee, and we affirm the judgment as modified.

Dean's counsel has filed a motion to withdraw as counsel and an *Anders* brief in support of that motion. In the brief, counsel avers that, in her professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Dean of her motion to withdraw; (2) provided him a copy of both the motion and the brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Dean the opportunity to file a response on his own behalf, but he did not do so. The State also declined to file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record and have determined that the trial court's judgment requires modification regarding the assessment of the $15 time-payment fee included as part of the $525 court costs. As we have observed, a person convicted of a felony shall pay a fee if he "pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *See Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication). The Texas Court of Criminal Appeals, however, recently issued an opinion concluding that a trial court's assessment of the time-payment fee while an appeal is pending is premature. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

Here, the trial court included the late-payment fee in its bill of costs and ordered that it be paid "if the total balance is not paid by the 30th day after the judgment is signed," which is "before the condition triggering the assessment of the [fee]—late payment—could have occurred." *See Prescott*, 2019 WL 2635559, at *5. As

3

such, the $15 time-payment fee should be entirely struck, without prejudice to the fee being assessed later if, more than thirty days after the issuance of the appellate mandate, Dean has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*; *Webster v. State*, No. 07-20-00248-CR, 2021 WL 1899359, at *5 (Tex. App.—Amarillo May 11, 2021, no pet. h.) (mem. op., not designated for publication) (applying *Dulin* to modify judgment to delete time-payment fee assessed in a community-supervision revocation case).

Except for this necessary modification to the judgment, we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 28, 2022

4